**Daniel WIJAYA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70873.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 7, 2009.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Dalin Holyoak, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Daniel Wijaya, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), we deny the petition for review.

Wijaya does not raise any arguments in his opening brief regarding either the agency's dispositive determination that his asylum claim was time-barred, or the agency's denial of his CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

Substantial evidence supports the agency's finding that Wijaya failed to establish past persecution in Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner's experiences not "so severe as to compel a finding of past persecution."). In addition, even as a member of a disfavored group, Wijaya did not demonstrate a clear probability of future persecution. *See id.* at 1185.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

